UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

NICHOLAS MARLON JACKSON,

                    Plaintiff,                              Case No. 2:25-cv-163

v.                                                         Honorable Jane M. Beckering

DOUGLAS TASSON et al.,

                    Defendants.

_____/

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a prior

order, the Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 4.) Under the

Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is

required to dismiss any prisoner action brought under federal law if the complaint is frivolous,

malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a

defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The

Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520

(1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly

incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will

partially dismiss Plaintiff's complaint for failure to state a claim as detailed below.

## **Discussion**

### I.      **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC)

at the Alger Correctional Facility (LMF) in Munising, Alger County, Michigan. The events about

which he complains occurred at that facility. Plaintiff sues the following LMF staff: Warden Douglas Tasson, Correctional Officer Unknown Goins, Correctional Officer Brock, and Correctional Officer Unknown Hill. (Compl., ECF No. 1, PageID.1, 2.) Plaintiff sues Defendants Goins, Brock, and Hill in their individual and official capacities, and Plaintiff sues Defendant Tasson in his official capacity only. (*Id.*, PageID.2.)

In Plaintiff's complaint, he alleges that in early 2025, after fighting with another inmate, Defendants Goins and Brock "t[ook] him down [and] they both started kicking at [Plaintiff's] shins." (*Id.*, PageID.3; Amendment to Compl., ECF No. 8, PageID.23.)[1] Plaintiff states that he had "made a comment towards Officer Goins [and] he retaliated by not only using unnecessary force but excessive force." (Compl., ECF No. 1, PageID.3.) Plaintiff also claims that Defendant Goins had told Defendant Brock "to take [Plaintiff] down." (*Id.*) During this interaction, Plaintiff states that he "was already handcuffed [and] walking to segregation on [his] own." (*Id.*) Plaintiff alleges that he "was injured worse from the officers than the fight." (*Id.*)

Following this incident, Plaintiff claims that "these two officers falsified documents to justify their use of force, but their stories aren't reason enough to use force." (*Id.*)

Plaintiff alleges that "this all started because of a grievance that [he] filed 3 days prior to this incident where[] [he] was claiming to be targeted." (*Id.*) Plaintiff claims that Defendant Hill

---

[1] On March 24, 2026, this Court issued an Order requiring Plaintiff to file a one-page amendment to his complaint "provid[ing] the dates on which the events at issue in the complaint occurred" because the original complaint did not provide this information. (Order, ECF No. 6, PageID.18.) In response, Plaintiff filed a document that was more than one page and that largely contains legal argument and citations to cases. (Amendment to Compl., ECF No. 8.) However, in the filing, *pro se* Plaintiff indicated that the events at issue in the complaint occurred in early 2025. (*See id.*, PageID.23 (referencing January of 2025).) Under these circumstances, the Court will consider Plaintiff's amendment to provide the date of the events that are the subject of this action, but, at this time, the Court will not consider Plaintiff's additional legal arguments that are set forth in this filing.

told Plaintiff: "I bet you quit writing grievances . . . I[']m the don dada . . . ." (*Id.* (phrasing and ellipses in original retained).) Plaintiff claims that after Defendant Hill's "threat, the officers assaulted [him] 3 days later [and] a bunch more [unspecified] retaliation." (*Id.*)

Based on the foregoing allegations, the Court construes Plaintiff's complaint to raise First Amendment retaliation claims, Eighth Amendment excessive force claims, and Fourteenth Amendment substantive due process claims. Plaintiff seeks monetary damages and declaratory relief. (*Id.*, PageID.4.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71

(6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## III.    Analysis

### A.    Claims Against Defendant Tasson

Plaintiff lists Defendant Tasson, the warden at LMF, as a Defendant in this action; however, Plaintiff fails to allege any facts showing how Defendant Tasson was personally involved in the violation of his constitutional rights. (*See generally* Compl., ECF No. 1.)

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

4

Here, Plaintiff does not name Defendant Tasson in the body of his complaint. (*See generally* Compl., ECF No. 1.) And, Plaintiff's claims against Defendant Tasson fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

Moreover, to the extent that Plaintiff seeks to hold Defendant Tasson liable due to his supervisory position, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

The Sixth Circuit has repeatedly summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*, 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300);

*see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995

F.2d 1331, 1340 (6th Cir. 1993).

Here, Plaintiff fails to allege any *facts* showing that Defendant Tasson encouraged or

condoned the conduct of his subordinates, or authorized, approved, or knowingly acquiesced in

their conduct.

Accordingly, for these reasons, all of Plaintiff's claims against Defendant Tasson will be

dismissed for failure to state a claim.

### B. First Amendment Retaliation Claims Against Defendants Goins, Brock, and Hill

Plaintiff alleges that Defendants Goins, Brock, and Hill retaliated against him in violation

of the First Amendment. (Compl., ECF No. 1, PageID.3.)

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the

Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). In order to set forth a

First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff was

engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter

a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was

motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to show

that the exercise of the protected right was a substantial or motivating factor in the defendant's

alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing

*Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Plaintiff's retaliation claims are entirely conclusory and fail to state a claim. First,

Plaintiff alleges that three days before the incident with Defendants Goins and Brock, he filed a

grievance. (Compl., ECF No. 1, PageID.3.) Plaintiff claims that Defendant Hill told Plaintiff: "I

6

bet you quit writing grievances . . . I[']m the don dada . . . ." (*Id.* (phrasing and ellipse in original

retained." (*Id.*) Plaintiff claims that after Defendant Hill's "threat, the officers assaulted [him] 3

days later [and] a bunch more [unspecified] retaliation." (*Id.*) As an initial matter, Defendant Hill's

statement to Plaintiff is vague and non-specific. The Court concludes that such a vague statement

would not deter a person of ordinary firmness from exercising his or her First Amendment rights.

*See, e.g., Hardy v. Adams*, No. 16-2055, 2018 WL 3559190, at *3 (6th Cir. Apr. 13, 2018) ("The

alleged threat by Adams that she would make Hardy's life 'hell' is simply too vague to pass this

threshold."); *Shisler v. Golladay*, No. 2:19-cv-80, 2019 WL 2590693, at *4 (W.D. Mich. June 25,

2019) (Golladay's threat that the ticket would be the least of the plaintiff's worries was "simply

too vague" to support a First Amendment retaliation claim); *Dahlstrom v. Butler*, No. 2:18-cv-101,

2019 WL 91999, at *11 (W.D. Mich. Jan. 3, 2019) ("Krause's threat[—to 'get' a prisoner who

files a grievance on Krause and 'steps out of line'—] is too vague and non-specific to deter a

person of ordinary firmness from engaging in protected conduct."). Moreover, Plaintiff does not

allege any facts to suggest that Defendants Goins and Brock, the two Defendants who used the

alleged force against Plaintiff, had any knowledge of Plaintiff filing the relevant grievance. Under

these circumstances, Plaintiff fails to state a First Amendment retaliation claim against Defendants

Goins, Brock, and Hill premised on the filing of a grievance.

Second, Plaintiff alleges that after Plaintiff fought with another inmate, but before

Defendants Goins and Brock used the alleged force against Plaintiff, Plaintiff had "made a

comment towards Officer Goins [and] he retaliated by not only using unnecessary force but

excessive force." (Compl., ECF No. 1, PageID.3.) Plaintiff does not allege any facts about the

nature of the "comment" that he made to Defendant Goins. Under these circumstances, Plaintiff

fails to show that the unspecified comment that he made to Defendant Goins constituted protected

conduct. *Cf. Mack v. Warden Loretto FCI*, 839 F.3d 286, 298–99 (3d Cir. 2016) ("[The prisoner's] oral grievance to [the prison officer] regarding the anti-Muslim harassment he endured at work constitutes protected activity under the First Amendment.").

Accordingly, for all of the reasons set forth above, Plaintiff's First Amendment retaliation claims against Defendants Goins, Brock, and Hill will be dismissed for failure to state a claim.

### C.     Eighth Amendment Excessive Force Claims Against Defendants Goins and Brock

Plaintiff claims that Defendants Goins and Brock used excessive force against him when they "t[ook] [Plaintiff] down" and "kick[ed] at [Plaintiff's] shins" while Plaintiff was handcuffed and was "walking to segregation on [his] own." (Compl., ECF No. 1, PageID.3.)

As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

8

There is an objective component and a subjective component to Eighth Amendment claims. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

At this early stage in the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to him. Therefore, at this early stage of the proceedings, the Court will not dismiss Plaintiff's Eighth Amendment excessive force claims against Defendants Goins and Brock.

> **D.    Fourteenth Amendment Due Process Claims Against Defendants Goins and Brock**

Plaintiff claims that following the incident with Defendants Goins and Brock, "these two officers falsified documents to justify their use of force, but their stories aren't reason enough to use force." (Compl., ECF No. 1, PageID.3.) The Court generously construes this allegation to raise a Fourteenth Amendment substantive due process claim.

"Substantive due process . . . serves the goal of preventing governmental power from being used for purposes of oppression, regardless of the fairness of the procedures used." *Pittman v. Cuyahoga Cnty. Dep't of Child. & Fam. Servs.*, 640 F.3d 716, 728 (6th Cir. 2011) (quoting *Howard v. Grinage*, 82 F.3d 1343, 1349 (6th Cir. 1996)). Specifically, "[s]ubstantive due process 'prevents the government from engaging in conduct that shocks the conscience or interferes with rights implicit in the concept of ordered liberty.'" *Prater v. City of Burnside*, 289 F.3d 417, 431 (6th Cir. 2002) (quoting *United States v. Salerno*, 481 U.S. 739, 746 (1987)). "Conduct shocks the conscience if it 'violates the decencies of civilized conduct.'" *Range v. Douglas*, 763 F.3d 573, 589 (6th Cir. 2014) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846–47 (1998)). Moreover, "[w]here a particular [a]mendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that [a]mendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims.'" *Albright*, 510 U.S. at 273–75 (quoting *Graham v. Connor*, 490 U.S. 386, 394 (1989)). If such an amendment exists, the substantive due process claim is properly dismissed. *See Heike v. Guevara*, 519 F. App'x 911, 923 (6th Cir. 2013).

To state a substantive due process claim, "a 'plaintiff must show as a predicate the deprivation of a liberty or property interest,' as well as 'conscience-shocking conduct.'" *Siefert v. Hamilton Cnty.*, 951 F.3d 753, 766 (6th Cir. 2020) (quoting *Guertin v. State*, 912 F.3d 907, 922 (6th Cir. 2019)). That is, a plaintiff must first show "a deprivation of a constitutionally protected liberty interest" and then show that "the government's discretionary conduct that deprived that interest was constitutionally repugnant." *Id.* at 765 (quoting *Guertin*, 912 F.3d at 922).

Here, Plaintiff's substantive due process claims are entirely conclusory. Plaintiff claims that Defendants Goins and Brock, "falsified documents to justify their use of force, but their stories

10

aren't reason enough to use force." (Compl., ECF No. 1, PageID.3.) However, Plaintiff fails to provide any further explanation or facts to support this claim. And, the facts alleged in the complaint fall short of showing the sort of egregious conduct that would support a substantive due process claim. *Cf. Cale v. Johnson*, 861 F.2d 943, 950 (6th Cir. 1988) (holding that framing an inmate by planting evidence may violate substantive due process where a defendant's conduct shocks the conscience and constitutes an "egregious abuse of governmental power"), *overruled in other part by Thaddeus-X v. Blatter*, 175 F.3d 378, 388 (6th Cir. 1999) (en banc); *Davis v. Gallagher*, No. 1:16-cv-1405, 2016 WL 7403941, *4 (W.D. Mich. Dec. 22, 2016). Therefore, Plaintiff's Fourteenth Amendment substantive due process claims will be dismissed for failure to state a claim.

### Conclusion

Having conducted the review required by the PLRA, the Court determines that Defendants Tasson and Hill will be dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's First Amendment retaliation claims and Fourteenth Amendment substantive due process claims against remaining Defendants Goins and Brock. Plaintiff's Eighth Amendment excessive force claims against Defendants Goins and Brock remain in the case.

An Order consistent with this Opinion will be entered.

Dated:    May 11, 2026         /s/ Jane M. Beckering
                               Jane M. Beckering
                               United States District Judge